UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO FIGUEREDO,

                Plaintiff,

vs.                          Case No.  2:04-cv-404-FtM-29DNF

JAMES CROSBY, et. al.,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon the following motions: 1) Defendant Crosby's Motion to Dismiss (Doc. #21), or, In, the Alternative, Motion for More Definite Statement and Motion to Compel (Doc. #39) filed November 23, 2004; 2) Defendant GEO Group Inc.'s Motion to Dismiss (Doc. #27), or, In the Alternative, Motion for More Definite Statement (Doc. #36) and Motion to Compel (Doc. #32) filed January 27, 2005; 3) Defendant Austin's Motion to Dismiss (Doc. #28), or, In the Alternative, Motion for More Definite Statement ( Doc. #35) and Motion to Compel (Doc. #31) filed January 27, 2005; 4) Defendant Douberley's Motion to Dismiss (Doc. #29), or, In the Alternative, Motion for More Definite Statement (Doc. #37) and Motion to Compel (Doc. #33) filed January 28, 2005; 5) Defendant D. Lee Jr.'s Motion to Dismiss (Doc. #30), or, In the Alternative, Motion for More Definite Statement (Doc. #38) and Motion to Compel (Doc. #33) filed January 28, 2005.  Plaintiff previously was advised by the Court to respond to any dispositive motions within twenty (20) days (Doc. #12, ¶14).  As of the date of this Order, Plaintiff has not filed any responses to the

either the dispositive portions of the above motions, or filed an amended complaint.  This matter is now ripe for review.

## I.

Plaintiff, subsequent to his release from the Florida penal system, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) on August 3, 2004 (the "Complaint").  The Complaint complains of an event that allegedly occurred on September 6, 2001, while Plaintiff was incarcerated at Moorehaven Correctional Facility. Plaintiff names the following as defendants: Moorehaven Correctional Officers  T.M. Austin and D. Lee Jr., who also served as disciplinary committee members in Plaintiff's disciplinary hearing; Warden at Moorehaven Correctional, Tommy Douberley; Geo Group, Inc./Wackenhut, the owner and/or operator of Moorehaven Correctional; and, James V. Crosby, the Secretary of the Department of Corrections.  Plaintiff does not specify whether Defendants are sued in their individual or official capacities.

Plaintiff's Complaint, which consists of three typewritten pages, alleges due process violations in connection with a disciplinary hearing.  In particular, the Complaint states that on September 6, 2001 Plaintiff was taken before the disciplinary committee and convicted by Defendants Austin and Lee of two unspecified disciplinary infractions without "due process" and in violation of Florida Administrative Code 33-601.301-314.  Complaint, page 2.  Plaintiff does not attach copies of any grievances but alleges that Plaintiff's

"institutional grievances and appeals were quickly denied . . . without justification." Id.

In support of his due process challenge, Plaintiff asserts the following specific due process deprivations:

1)   Plaintiff was not permitted to defend himself;
2)   Plaintiff was not permitted to investigate or prepare a defense;
3)   Plaintiff was not permitted to call witnesses ("unofficial" policy never to permit witnesses);
4)   Plaintiff was not permitted to cross examine witnesses or the charging staff member;
5)   Plaintiff was not appointed an investigator to assist him in his defense;
6)   The "DR"[1] investigator did not timely conduct an investigation;
7)   The "DR" investigator did not interview witnesses;
8)   Plaintiff did not receive a copy of the "DR" investigator's report that was used against him at the hearing;
9)   Plaintiff was convicted on hearsay evidence;
10)  The disciplinary committee members were "biased" and "not impartial" toward him.

As relief, Plaintiff seeks $15,000 from defendants for their "senseless, knowing, intentional, and unlawful actions;" $500 a day for each of the 60 days Plaintiff spent in solitary confinement; and $10,000 for "physical, mental and emotional pain and suffering." Complaint, page. 3.

II.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs.  Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A

---

[1]     No definition for the acronym "DR" appears in the Complaint.

complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).

To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity.  Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993).  The heightened pleading standard is not otherwise applicable.  Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

### III.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities

-4-

guaranteed under the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd by</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d at 1059; <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

## IV.

A.   <u>Defendants Douberley, Crosby and Geo Group, Inc./Wackenhut</u>

The Complaint contains no specific factual allegations against Defendants Douberley, Crosby or Geo Group, Inc./Wackehut. The Court recognizes that a <u>pro se</u> complainant is disadvantaged in ascertaining the proper legal entity against whom to bring his claim. <u>See</u> <u>Brown v. Sikes</u>, 212 F.3d 1205 (11th Cir. 2000). Nonetheless, it is clear that Plaintiff names 1) Warden Douberley as a defendant solely based upon his supervisory position as Warden of Moorehaven Correctional; 2) James V. Crosby as a defendant solely based upon Crosby's "final reviewing authority" as Secretary of the Florida Department of Corrections; and 3) Geo Group, Inc./Wackenhut as a defendant due to its position as "owner, administrator supervisor/director of Moorehaven Correctional Facility." Complaint, page 3.

> It is well established in this circuit that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates "on the basis of respondeat superior or vicarious liability." Id. at 1269 (quoting Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir.1994)). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Braddy v. Florida Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir.1998). Supervisors "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiffs, and his conduct was causally related to the constitutional violation committed by his subordinate." Greason v. Kemp, 891 F.2d 829, 836 (11th Cir.1990)(citations and footnote omitted)).

Gonzalez v. Reno 325 F.3d 1228, 1234 (11th Cir.2003). See also Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, (1994). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Gonzalez Id. at 124-1235(quoting Braddy v. Fla. Dept. of Labor & Employment, 133 F.3d 797, 802 (11th Cir.1998)) See also Grech v. Clayton County, Ga., 335 F.3d 1326, 1330 (11th Cir. 2003). Alternatively, the causal connection may be established when a supervisor's "'custom or policy ... result[s] in deliberate indifference to constitutional rights' " or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Gonzalez, Id. (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir.1991)); Hartley, 193 F.3d at

1263; see also Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997); Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1560-61 (11th Cir.1993); Tennant V. Florida,111 F.Supp.2d 1326 (S.D.Fla. 2000).

The Complaint contains no specific facts connecting Defendants Douberley, Crosby or Geo Group, Inc./Wackenhut to any alleged constitutional violation with regard to Plaintiff's disciplinary hearing. There is no allegation that any of these three Defendants directed any of the above-enumerated actions or had any actual knowledge whatsoever of Plaintiff or the specific events he complains of in this action, except by virtue of the fact that these Defendants occupy a supervisory position. Nor does the Complaint allege, yet alone identify, an officially promulgated policy at Moorehaven Correctional that permits the due process rights of inmates to be violated in connection with disciplinary hearings. Plaintiff fails to establish the necessary causal connection between any of these three Defendants and the allegedly unconstitutional conduct for administrative or supervisory liability to be imposed. Gonzalez, 325 F.3d at 1235-1236(concluding that in the absence of a causal connection between the supervisors and the alleged unconstitutional conduct, there is no basis for supervisory liability); Grech v. Clayton County, Ga., 335 F.3d 1326, 1329-30 (11th Cir. 2003). Thus, Plaintiff has failed to allege that Defendants Douberley, Crosby, and Geo Group, Inc./Wackenhut committed any constitutional violation and the Complaint must be dismissed for failure to state a claim as against these three Defendants.

B.   Defendants Austin and Lee

According to the Complaint, Defendants Austin and Lee were the "committee members that denied Plaintiff's right to due process" by engaging in the above enumerated specified conduct. Supra, page 3. The Court recognizes that prison disciplinary proceedings are not part of a criminal prosecution, and therefore the full panoply of rights that are due a defendant in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id.

The United States Supreme Court held "that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Further, the Court held that "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. The Court further explained "there must be a 'written statement by the fact finders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

The Court also noted "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 566. The Court explained its concern for institutional safety:

Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases. Any less flexible rule appears untenable as a constitutional matter, at least on the record made in this case. The operation of a correctional institution is at best an extraordinary difficult undertaking. Many prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and in our view, they must have the necessary discretion without being subject to unduly crippling constitutional impediments. There is this much play in the joints of the Due Process Clause, and we stop short of imposing a more demanding rule with respect to witnesses and documents.

Id. at 566-67.

An inmate facing a disciplinary charge, however, has no constitutional right to confrontation and cross-examination of witnesses furnishing evidence against him at the disciplinary hearing.

Id. at 567.  The Court left this matter to the sound discretion of the officials of the state prisons.  Id. at 569.

As to the right to counsel at the disciplinary hearing, the Court concluded "[t]he insertion of counsel into the disciplinary process would inevitably give the proceedings a more adversary cast and tend to reduce their utility as a means to further correctional goals." Id. at 570.  Therefore, the Court held that inmates have no right to retained or appointed counsel in such a proceeding.  Id.  However, the Court did note that if the inmate is illiterate or the issue is so complex that it is unlikely the inmate will be able to collect and present evidence, he should be allowed to seek the assistance of a fellow inmate or to have staff assistance.  Id.  Finally, the disciplinary hearing committee must be sufficiently impartial in that it must not present "a hazard of arbitrary decision making."  Id. at 571.

The Court, in Wolff, did not specifically refer to an inmate's right to attend his own disciplinary hearing.  However, several courts have indicated that such a right is implicit in the inmate's right to call witnesses and present documentary evidence at the disciplinary hearing.  The Eleventh Circuit has held that an inmate's right to attend a prison disciplinary hearing is one of the essential due process protections afforded by the Fourteenth Amendment and recognized in Wolff.  Battle v. Barton, 970 F.2d 779, 782 (11th Cir. 1992), cert. denied, 507 U.S. 927 (1993).

Thus, it is clear Plaintiff's alleged due process claims must be measured according to the test established by the United States

Supreme Court in <u>Wolff v. McDonnell</u>. It is not a question of whether state law or an administrative departmental policy was violated[2], but rather the inquiry concerns whether Plaintiff's allegations rise to the level of a federal constitutional violation, and whether the procedural deficiencies are ones that violate Plaintiff's due process rights guaranteed to him pursuant to the Fourteenth Amendment of the United States Constitution.

> Although the courts are required to recognize a constitutional duty to protect prisoners' rights, nevertheless "[t]he Supreme Court has articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operation of state penal institutions." <u>Williams v. Edwards</u>, 547 F.2d 1206, 1212 (5th Cir. 1977); <u>Campbell v. Beto</u>, 460 F.2d 765, 767 (5th Cir. 1972); <u>Breeden v. Jackson</u>, 457 F.2d 578, 580 (4th Cir. 1972). In reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion. <u>Thomas v. Estelle</u>, 603 F.2d 488, 490 (5th Cir. 1979); <u>reh. denied</u>, 606 F.2d 321 (5th Cir. 1979); <u>Wilwording v. Swenson</u>, 502 F.2d 844, 851 (8th Cir. 1974),

---

[2]    It is important to note that liberty interests protected by the Fourteenth Amendment may arise either from the Constitution itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983).  To assert a state-created entitlement to a liberty interest, a party must show the state placed substantive limitations on official discretion. <u>Barfield v. Brierton</u>, 883 F.2d 923, 935 (11th Cir. 1989).  Thus, a claim that a Department of Corrections rule or regulation contains mandatory language that substantially limits prison officials' discretion, thereby creating a liberty interest, has merit. <u>See Caraballo-Sandoval v. Honsted</u>, 35 F.3d 521, 525 (11th Cir. 1994).  However, the United States Supreme Court, in <u>Sandin v. Conner</u>, 515 U.S. 472, 484, stated that while States may under certain circumstances create liberty interests which are protected by the Due Process Clause, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

cert. denied, 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975); U.S. v. Smith, 464 F.2d 194, 196 (10th Cir.), cert. denied, 409 U.S. 1066, 93 S.Ct. 566, 34 L.Ed 2d 519 (1972). The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by "some facts" -- "whether any evidence at all" supports the action taken by the prison officials. Willis v. Ciccone, 506 F.2d 1011, 1018, 1019 n. 11 (8th Cir. 1974).

The Supreme Court has held: "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .'" Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985) (quoting from United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. at 106); Williams v. Fountain, 77 F.3d 372, 375 (11th Cir.), cert. denied, 117 S.Ct. 367 (1996). The Court is not required to examine the entire record, to make an independent assessment of the credibility of witnesses, or to weigh the evidence. 472 U.S. at 455. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Williams v. Fountain, 77 F.3d at 375 (citing Superintendent v. Hill, 472 U.S. at 455-56).

Here, the record is unclear whether the Wolff requirements were met. Although certain of the alleged deprivations complained of by Plaintiff would survive a Constitutional challenge, certain other of the alleged deprivations Plaintiff claims, if true, are sufficient to allege a due process claim to withstand a motion to dismiss. Because

the Court had no record before it, the Court cannot render an opinion whether Plaintiff's constitutional safeguards were violated by the disciplinary team members.  Admittedly, Plaintiff's dissatisfaction with the result of the disciplinary hearing, does not necessarily imply that he did not receive due process in accordance with the above-described requirements of <u>Wolff v. McDonnell</u>.  Consequently, the Court will deny the Motions to Dismiss filed by Defendants Austin and Lee, and the parties will be given an opportunity to further develop the facts consistent with the standards enunciated by the Supreme Court in <u>Wolff</u>.

In the alternative to their Motions to Dismiss, Defendants Austin and Lee filed Motions for More Definite State (Doc. #35, Doc. #38) and Motions to Compel (Doc. #31, Doc. #34).  Rule 12(e) Motions are generally disfavored due to the liberal pleading requirements in federal court. <u>Eye Care Int'l, Inc. V. Underhill</u> 92 F.Supp. 2d 1310, 1316 (M.D. Fla. 2000).  Rule 8 of the Federal Rules of Civil Procedure requires only that the pleader serve a short plain statement of facts showing an entitlement to relief.  Defendants should not use a Rule 12 (e) motion as a substitute for discovery.  <u>Campbell v. Miller</u>, 836 F.Supp. 827, 832 (M.D. 1993).

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1.   Defendant Crosby's Motion to Dismiss (Doc. #21) is **GRANTED** and, Motion for More Definite Statement and Motion to Compel (Doc. #39) is **DENIED as moot.**

2.    Defendant  GEO  Group  Inc.'s/Wackenhut's  Motion  to  Dismiss (Doc. #27) is **GRANTED,**  Motion for More Definite Statement (Doc. #36) and Motion to Compel (Doc. #32) are **DENIED as moot.**

3.    Defendant Austin's Motion to Dismiss( Doc. #28), Motion for More Definite Statement (Doc. #35) and Motion to Compel (Doc. #31) are **DENIED.**   Defendant  Austin  shall  answer  or  otherwise  respond  to Plaintiff's Complaint within **THIRTY (30) DAYS** from the date of this Order.

4.    Defendant  Douberley's  Motion  to  Dismiss  (Doc.  #29)  is **GRANTED,** Motion for More Definite Statement (Doc. #37) and Motion to Compel (Doc. #33) are **DENIED as moot.**

5.    Defendant D. Lee Jr.'s Motion to Dismiss (Doc. #30), Motion to More Definite Statement (Doc. #38) and Motion to Compel (Doc. #34) are **DENIED.** Defendant  Lee  shall  answer  or  otherwise  respond  to Plaintiff's Complaint within **THIRTY (30) DAYS** form the date of this Order.

6.    The **Clerk of the Court** is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure dismissing Defendants Douberley, Crosby and Geo Group, Inc./Wackenhut without  prejudice,  and  shall  correct  the  caption  of  this  case  to reflect their dismissal.

**DONE AND ORDERED** in Fort Myers, Florida, on this   21st   day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

-14-

SA:   hmk
Copies: All Parties of Record